IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL MYERS,

Plaintiff,

Civil Action No.
9:04-CV-0270 (FJS/DEP)

v.

JANE DOE, *et al.*,

Defendants.

---

APPEARANCES: OF COUNSEL:

FOR PLAINTIFF:

MICHAEL MYERS, *pro se*
Dannemora, New York

FOR DEFENDANTS:

HON. ELIOT SPITZER
Attorney General of the State of New York
Attorney for Defendants
Department of Law
The Capitol
Albany, NY 12224

JEFFREY P. MANS, ESQ.
Assistant Attorney General

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff Michael Myers, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action against Glenn Goord, Commissioner of the New York State Department of Correctional Services ("DOCS"), and various DOCS employees whose names are unknown to Myers, pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights.[1] In the version of his amended complaint now before the court, plaintiff alleges that 1) he was harassed and beaten by a female corrections officer at the prison facility in which he was housed at the time, in part in retaliation for having previously lodged complaints regarding her conduct; 2) he was impermissibly disciplined and placed in confinement within a special housing unit ("SHU") at the facility; and 3) certain of his property was either destroyed or taken from him without being returned, apparently during the course of an inter-prison transfer effectuated to provide Myers with mental health treatment.

Currently pending before the court are a number of motions in connection with the action. Among them is a motion by defendant Goord seeking dismissal of all claims against him based upon plaintiff's failure

---

[1] Commissioner Goord was originally sued by the plaintiff as "John Doe, Commissioner in charge of all New York prisons." Dkt. Nos. 1, 7. In deference to plaintiff's *pro se* status, Chief District Judge Frederick J. Scullin, Jr. issued an order dated June 14, 2004 in which, *inter alia*, he directed the clerk to substitute "Glenn S. Goord, Commissioner, Department of Correctional Services," as a named defendant in place of that John Doe designation. *See* Dkt. No. 9.

adequately to allege his personal involvement in the constitutional violations upon which his complaint is based, as well as an application by Myers for leave to further amend his complaint to name additional defendants and include claims based upon events which occurred at a different prison facility than those involved in his original claims.[2] For the reasons set forth below I recommend that defendant Goord's dismissal motion be granted, and that plaintiff's motion for leave to amend and to join additional parties be denied, without prejudice.

## I. BACKGROUND[3]

At most of the times relevant to his complaint Myers, who suffers from mental disabilities of an unspecified nature and describes himself as

---

[2] Plaintiff has also filed three separate discovery related motions, Dkt. Nos. 24, 32, 38, and two applications for injunctive relief, Dkt. Nos. 37, 40. Another, earlier attempt by plaintiff to compel discovery was rejected as premature, based upon his failure to demonstrate that he had engaged in good faith efforts to resolve the discovery dispute. *See* Dkt. No. 20. Plaintiff's discovery and injunction motions will be addressed in separately issued decisions.

[3] In light of the procedural posture of this case I have drawn the following fact recitation from plaintiff's amended complaint, Dkt. No. 7, interpreted most favorably toward him and drawing all inferences in his favor. To the extent that clarification of the claims asserted in his complaint has been required, I have looked to plaintiff's affirmation in opposition to defendant Goord's motion, Dkt. No. 22, to provide context even though, technically speaking, such a document is not properly considered when evaluating a complaint in the face of a Rule 12(b)(6) dismissal motion. *See*, *e.g.*, *Negron v. Macomber*, No. 95 Civ. 4151, 1999 WL 608777, at *5 (S.D.N.Y. Aug. 11, 1999); *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987); *Tsai v. The Rockefeller Univ.*, 137 F. Supp.2d 276, 280 (S.D.N.Y. 2001); *Donahue v. United States Dep't of Justice*, 751 F. Supp. 45, 49 (S.D.N.Y. 1990).

having a low intelligence quotient ("IQ"), was a New York State prison inmate confined within the Franklin Correctional Facility ("Franklin"). In or about the fall of 2003 a disagreement arose between the plaintiff and one of the female corrections officers ("COs"), designated by Myers in his complaint as "Jane Doe", at Franklin.[4] According to the plaintiff, his difficulties with CO Doe had as their onset her questioning as to the basis for his assignment as a reception dormitory porter. Apparently out of her disagreement with that work assignment, CO Doe began harassing Myers including by questioning his work ethic and requiring him to wash walls and floors at the facility on a nightly basis. Plaintiff attributes CO Doe's actions to her desire to have him fired as a porter. After complaining of CO Doe's treatment, claiming that by attempting to have him removed from the porter position she was engaged in disability discrimination, plaintiff ultimately went back before the prison program committee, and was reassigned as a yard porter.

On October 2, 2003, after filing a complaint regarding the actions of CO Doe, plaintiff was taken into a package room and confronted by a

---

[4] In his proposed second amended complaint, Dkt. No. 33, plaintiff identifies this Doe defendant as Officer (first name not specified) McCargar.

corrections lieutenant, whose name is also unknown to Myers.[5] During that encounter, plaintiff was informed that he could "get hurt from writing up Sargents [sic] and Correctional Officers." Amended Complaint (Dkt. No. 7) ¶ 39. After responding that he had a right to file grievances and complaints, plaintiff was told that he would "learn the hard ways [sic] if [he] chose to[,]" and was warned to "think twice before [he decided] to write up State Employees." *Id.* ¶¶ 41-42.

When Myers reported to work later on that same day, he was asked by an unknown officer if it was true that he had written up CO Doe; in response, plaintiff stated that it was. At that point, plaintiff was taken into the yard where he was pat frisked, and his property and watch were removed and thrown into the garbage. Plaintiff was then told that he was being sent "to the box" for writing up CO Doe, whereupon plaintiff was handcuffed, placed in a van, and taken to the Franklin SHU.

Upon plaintiff's arrival at the SHU he was strip searched, struck from behind, and knocked to the floor where he was kicked in the ribs. During the encounter, according to Myers, a nurse who was present urged corrections workers on. After being placed in his SHU cell, the plaintiff

---

[5] Plaintiff's proposed amended complaint, Dkt. No. 33, suggests that this lieutenant's last name is Travers.

attempted suicide by hanging himself. When corrections officers noticed that he had attempted to do so, plaintiff's clothes were taken and he was placed on suicide watch. On the following day, Myers was awoken by another unknown corrections sergeant who came to the room and "stepped on [his] face." Amended Complaint (Dkt. No. 7) ¶ 62.

In his complaint plaintiff alleges that when he was taken to the SHU on or about October 3, 2003, his property was packaged up and, aside from his clothing, was either destroyed or otherwise disposed of.[6] Although in his complaint he does not directly so state, plaintiff's amended complaint intimates that among the materials confiscated were those pertaining to pending court matters.[7]

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on March 12, 2004. Dkt. No. 1. Following the entry of an order directing the filing of an amended complaint, based upon plaintiff's failure either to sign the complaint or to identify any of the defendants on April 7, 2004 by name, Dkt. No. 6, an

---

[6] In his proposed amended complaint, Dkt. No. 33, plaintiff identifies the corrections officer who checked and packaged his property as L. Dewyour.

[7] Plaintiff's proposed amended complaint, Dkt. No. 33, confirms that Myers claims to have lost legal documents, although no specifics are provided regarding the proceedings to which they relate.

amended complaint was subsequently submitted by the plaintiff, and filed on April 16, 2004. Dkt. No. 7. By order later issued on June 14, 2004, the court approved the filing of that amended complaint and directed that Commissioner Goord be substituted as a named defendant. Dkt. No. 9.

On August 26, 2004 defendant Goord moved seeking dismissal of plaintiff's complaint for failure to state a claim against him upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 21. In his motion, defendant Goord argues that plaintiff's complaint fails to allege his personal involvement in the constitutional violations alleged, and that he appears to have been named as a defendant purely as a result of his supervisory role with the DOCS. *Id.* Plaintiff has since responded in opposition to defendants' motion. Dkt. No. 22.

On October 29, 2004 plaintiff sought leave to further amend his complaint. Dkt. No. 33. In his proposed second amended complaint plaintiff seeks to expand the claims asserted in this action to address additional incidents, some of which occurred at prisons other than Franklin, and to identify the individuals previously sued as Doe defendants. Defendants oppose that motion, arguing that the proposed

amended complaint unduly expands the scope of plaintiff's claims and, to some degree, states causes of action which lack merit, therefore demonstrating at least partial futility of the amendment sought. Dkt. No. 36.

Defendant Goord's dismissal motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b). Plaintiff's motion for leave to amend, which seeks relief which is non-dispositive by nature, is before me for disposition. 28 U.S.C. § 636(b)(1)(A).

## III. DISCUSSION

### A. Rule 12(b)(6) Standard

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Davis v. Goord,* 320 F.3d 346, 350 (2d Cir. 2003) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). In deciding a 12(b)(6) motion, the court must accept the material facts alleged in the complaint as true.

*Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

When determining whether a complaint states a cause of action, a court should afford great liberality to *pro se* litigants. *Davis*, 320 F.3d at 350 (citation omitted). In fact, the Second Circuit has held that a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

B. <u>The Merits of Defendants' Dismissal Motion</u>

In their motion, defendants argue that plaintiff's amended complaint is devoid of any allegations of Commissioner Goord's involvement in, or even awareness of, the constitutional violations alleged. Defendants maintain that the Commissioner is therefore entitled to dismissal of plaintiff's complaint based upon lack of personal involvement.

Personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under section 1983. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct.

1282 (1978)). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

A supervisor cannot be liable for damages under section 1983 solely by virtue of being a supervisor – there is no respondeat superior liability under section 1983. *Richardson v. Goord*, 347 F.3d 431 (2d Cir. 2003); *Wright*, 21 F.3d at 501. A supervisory official can, however, be liable in one of several ways: 1) the supervisor may have directly participated in the challenged conduct; 2) the supervisor, after learning of the violation through a report or appeal, may have failed to remedy the wrong; 3) the supervisor may have created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) the supervisor may have been grossly negligent in managing the subordinates who caused the unlawful event; or 5) the supervisor may have failed to act on information indicating that unconstitutional acts were occurring. *Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

When viewed in isolation, the allegations set forth in plaintiff's

complaint are completely devoid of any tangible connection between Commissioner Goord and plaintiff's alleged injuries. Such a failure to allege the requisite degree of personal involvement ordinarily warrants dismissal of a claim against the defendant in issue. *E.g., Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) (dismissal appropriate where plaintiff does no more than allege that defendant was in charge of prison); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (same). "[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson*, 347 F.3d at 435 (citations omitted).

In his affirmation in opposition to defendant Goord's dismissal motion, however, Myers goes well beyond the assertions set forth in his complaint, stating that Commissioner Goord "knew in advance that the beating was going to happen to plaintiff[.]" Myers Affirmation (Dkt. No. 22) at 2 ¶ 2. Plaintiff further asserts in that affirmation that he contacted Commissioner Goord and apprised him that Myers had previously been warned by corrections officers that he was going to be beaten. *Id.*¶ 3. Plaintiff argues that these advance reports, coupled with Commissioner Goord's failure to take appropriate measures to investigate his complaint

and prevent the abuse which he suffered, provides a basis for finding liability on his part.

Plaintiff's position is well taken. In the event that Myers can demonstrate some prior awareness on the part of Commissioner Goord of a reasonable likelihood that plaintiff would be beaten, such a finding, in tandem with the Commissioner's failure to investigate and take reasonable measures to ensure against any abuses, could provide a basis for liability against him. *Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams*, 781 F.2d at 323-24. On this basis, I recommend that defendant Goord's motion be granted, but that plaintiff be given leave to replead to incorporate these allegations into his complaint, if deemed appropriate.[8] *Branum*, 927 F.2d at 704-05.

C. Leave To Amend Standard

In one of his several pending motions, Myers requests leave to further amend his complaint in this action. Defendant opposes that motion.

Motions for leave to amend are governed by Rule 15(a) of the

---

[8] The proposed complaint tendered with plaintiff's motion for leave to amend does not allege defendant Goord's prior notice of the danger faced by Myers. *See* Dkt. No. 33.

Federal Rules of Civil Procedure which provides, in pertinent part, that unless amendment as a matter of right is permitted based upon the circumstances (something which is not applicable in this action), a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), leave to amend ordinarily should be freely granted absent undue delay, bad faith, dilatory tactics, undue prejudice in being served with the proposed pleading, or futility. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Elma R.T. v. Landesmann Int'l Mktg. Corp.*, No. 98-CIV.-662, 2000 WL 297197, at *3 (S.D.N.Y. Mar. 22, 2000) (citing *Foman*).

Notwithstanding the familiar and well-accepted precept that leave to amend should be granted freely and is typically permitted, if a claim contained in a proposed amended complaint would be vulnerable in the face of a Rule 12(b)(6) motion then permitting amendment would be an act of futility which should not be sanctioned. *See*, *e.g.*, *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996); *In re Boesky Securities Litigation*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995). If, on the other hand, a proposed claim sets forth facts and circumstances which

may entitle the pleader to relief, futility is not a proper basis on which to deny the right to amend. *Saxholm*, 938 F. Supp. at 124 (citing *Allstate Ins. v. Administratia Asigurarilor De Stat*, 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995) and *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (leave to replead granted where court could not say that under no circumstances would proposed claims provide a basis for relief)).

While generally speaking, delay in making a motion to amend pleadings must be weighed as a factor in deciding whether or not to grant the motion, this factor alone will not ordinarily provide a basis for denial of such a motion. *Phaneuf v. Tenneco, Inc.*, 938 F.Supp. 112, 115 (N.D.N.Y.1996) (Hurd, J.). Where undue delay has been established, a court must also assess whether the moving party has shown good cause for the delay as well as any undue prejudice resulting from the delay, when deciding whether to exercise discretion in favor of permitting amendment. *Id.* When making that analysis, the court should consider that the longer the period of unexplained delay, the less showing of prejudice will be required in order to support denial of the motion.[9]

[9] Because it also seeks permission to add additional defendants, plaintiff's motion implicates Rule 21 of the Federal Rules of Civil Procedure as well. Because the

*Phaneuf*, 938 F.Supp. at 115.

D. Merits Of Motion For Leave To Amend

In addressing plaintiff's motion for leave to amend I take into account the early stage of the proceedings, as well as Myers' *pro se* status. I also consider that no pretrial discovery has yet occurred in the action and, consequently, defendants are unable to claim undue prejudice, in the traditional sense, associated with the proposed amendment.

As defendants argue, however, plaintiff's complaint greatly expands the breadth of his claims to encompass additional incidents, some of which occurred at prison facilities other than Franklin and involved additional DOCS employees at those other facilities. For this reason, I choose to exercise my discretion by rejecting plaintiff's efforts to expand the scope of his action beyond matters which occurred at Franklin. *See Gayle v. Lucas*, No. 97 Civ. 0883, 1998 WL 148416, at *5-*6 (S.D.N.Y. Mar. 30, 1998). That denial, however, will be without prejudice to plaintiff's right to again seek permission for leave to amend for the limited

---

principles associated with such a joinder motion are essentially the same as those which inform the analysis of whether to exercise the court's discretion to permit amendment under Rule 15(a), that standard has not been separately addressed.

purpose of identifying the defendants previously named as Doe defendants and attempting, if plaintiff deems it appropriate, to state claims against defendant Goord consistent with the personal involvement principles set forth in the recommendation portion of this decision.

## IV. SUMMARY AND RECOMMENDATION

_____Plaintiff's amended complaint, as presently constituted, lacks any allegations establishing defendant Goord's participation in the civil rights deprivations alleged. Having considered defendant's dismissal motion in the context of Myers' first amended complaint, liberally construed in his favor, as well as plaintiff's affirmation reflecting his claim that he notified Commissioner Goord, in advance, of his belief that he would be beaten, however, I am unable to conclude that plaintiff will be unable to plead and prove any set of facts upon which personal liability on the part of Commissioner Goord could be based. I therefore recommend that defendant Goord's motion to dismiss be granted, with leave to Myers to replead.

I find that while defendants have not demonstrated undue delay or prejudice from plaintiff's proposed amendment, or that the addition of plaintiff's proposed new claims would be futile, I nonetheless deem it

appropriate to exercise my discretion in favor of denying plaintiff's application in light of the addition of new claims arising out of incidents which occurred at a prison facility other than Franklin and involving additional defendants not employed at that facility. This denial is without prejudice to plaintiff's right to move once again for leave to amend in order to identify the John Doe defendants named in his initial complaint as having participated in events at Franklin and, if deemed appropriate, to assert claims against defendant Goord consistent with the recommendation portion of this opinion related to personal involvement. This ruling is also without prejudice to plaintiff's right to commence a separate action to address the claims arising out of incidents at correctional facilities other than Franklin.

Based upon the foregoing, it is hereby

ORDERED that the plaintiff's motion for leave to amend (Dkt. No. 33) be DENIED, without prejudice; and it is further

RECOMMENDED that defendant Goord's motion to dismiss plaintiff's claims as against him based upon lack of personal involvement (Dkt. No. 21) be GRANTED, and that all claims against him in this action be DISMISSED, with leave to replead.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated: February 14, 2005
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\civil rights\personal involvement\myers.wpd