UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL MYERS,

                  **Plaintiff,**

        v.                                        9:04-CV-270
                                                          (FJS/DEP)

JANE DOE, Correctional Officer at Franklin
Correctional Facility; JANE DOE, Correctional
Sergeant at Franklin Correctional Facility; and
GLENN S. GOORD, Commissioner of the
Department of Correctional Services,

                  **Defendants.**

_____

**PARTIES**                                              **OF COUNSEL**

**MICHAEL MYERS**
**96-B-2292**
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **JEFFREY P. MANS, AAG**
**STATE ATTORNEY GENERAL**
Department of Law
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff's amended complaint alleges, pursuant to 42 U.S.C. § 1983, that Defendants

deprived him of his civil rights when (1) a female corrections officer harassed and beat him in

retaliation for his having previously lodged complaints regarding her conduct; (2) Defendants impermissibly disciplined and placed him in confinement within a special housing unit ("SHU"); and (3) Defendants either destroyed or took certain of his property from him during the course of an inter-prison transfer and did not return it. Currently before the Court are Plaintiff's objections to Magistrate Judge Peebles' February 14, 2005 Report and Recommendation, in which he recommended that the Court grant in part and deny in part Plaintiff's motion for leave to amend his amended complaint, deny without prejudice Defendant Goord's motion to dismiss him from the present action, and grant Defendant Goord leave to refile his motion after he has had the opportunity to review Plaintiff's second amended complaint.

## II. BACKGROUND

Plaintiff, who suffers from mental disabilities of an unspecified nature and describes himself as having a low intelligence quotient ("IQ"), was, at all relevant times, confined within the Franklin Correctional Facility ("Franklin"). In or about the fall of 2003, a disagreement arose between Plaintiff and one of the Franklin female corrections officers ("CO"). In his complaint, Plaintiff identifies this CO as "Jane Doe."

According to Plaintiff, his difficulties with CO Jane Doe began with her questioning the basis for his assignment as a reception dormitory porter. Apparently, as a result of her disagreement with the work assignment, CO Jane Doe began to harass Plaintiff. Plaintiff attributes CO Jane Doe's actions to her desire to have him fired as a porter. After complaining about CO Jane Doe's treatment, claiming that her attempts to have him removed from the porter position constituted disability discrimination, Plaintiff ultimately appeared before the prison

program committee, which reassigned him as a yard porter.

On October 2, 2003, after he had filed a complaint regarding CO Jane Doe's actions, Plaintiff claims that he was taken into a package room and confronted by a corrections lieutenant, whose name is also unknown to Plaintiff. During that encounter, Plaintiff was informed that he could "get hurt from writing up Sargents [sic] and Correctional Officers." *See* Amended Complaint, Dkt. No. 7, at ¶ 39. After responding that he had a right to file grievances and complaints, Plaintiff was told that he would "learn the hard ways [sic] if [he] chose to[,]" and was warned to "think twice before [he decided] to write up State Employees." *See id.* at ¶¶ 41-42.

When Plaintiff reported to work later that day, an unknown officer asked him if it was true that he had written up CO Jane Doe. In response, Plaintiff stated that it was. At that point, Plaintiff claims that he was taken into the yard where he was pat frisked and his property, including a watch, was removed and thrown into the garbage. Plaintiff was then told that he was being sent "to the box" for writing up CO Jane Doe, whereupon Plaintiff was handcuffed, placed in a van, and taken to the Franklin SHU.

Upon Plaintiff's arrival at the SHU, he was strip-searched, struck from behind, and knocked to the floor where he was kicked in the ribs. According to Plaintiff, during this encounter, a nurse encouraged the corrections officers. After being placed in his SHU cell, Plaintiff attempted to hang himself. When corrections officers noticed that he had attempted to do so, they took Plaintiff's clothes and placed him on suicide watch. On the following day, another unknown corrections sergeant awakened Plaintiff by coming into his room and "stepp[ing] on [his] face." *See* Amended Complaint at ¶ 62.

In his amended complaint, Plaintiff alleges that, when he was taken to the SHU, on or about October 3, 2003, Defendants packed up and destroyed or otherwise disposed of his property, other than his clothing. Although in his amended complaint he does not directly state as much, he indicates that among the materials confiscated were legal documents pertaining to pending court matters.

Plaintiff commenced this action on March 12, 2004. *See* Dkt. No. 1. In compliance with the Court's April 7, 2004 Order, which directed Plaintiff to file an amended complaint because he had failed either to sign his original complaint or to identify any of Defendants by name, *see* Dkt. No. 6, Plaintiff submitted and filed an amended complaint on April 16, 2004, *see* Dkt. No. 7. By Order dated June 14, 2004, the Court approved the filing of that amended complaint and directed the Clerk of the Court to substitute Commissioner Goord as a named Defendant. *See* Dkt. No. 9.

On August 26, 2004, Defendant Goord moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's complaint for failure to state a claim against him upon which relief could be granted. *See* Dkt. No. 21.

On October 29, 2004, Plaintiff sought leave to further amend his complaint. *See* Dkt. No. 33. Specifically, Plaintiff sought to expand his claims to include additional incidents of abuse, some of which occurred at prisons other than Franklin, and to identify the individuals he had previously sued as Doe defendants.

Magistrate Judge Peebles considered the parties' motions, and on February 14, 2005, issued a Report and Recommendation, in which he recommended that the Court grant in part and deny in part Plaintiff's motion for leave to amend his amended complaint, deny Defendant

Goord's motion to dismiss without prejudice, and granted Defendant Goord leave to refile his motion after he had an opportunity to review Plaintiff's second amended complaint.

### III.  DISCUSSION

**A.    Plaintiff's motion for leave to amend his Amended Complaint**

Plaintiff moves for leave to amend his amended complaint to include the identity of the unnamed Defendants, to attempt to state claims against Defendant Goord for failing to act on information that unconstitutional events were occurring at Franklin, and to add new allegations of abuse at the hands of other DOCS employees, some of which occurred at other prison facilities.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that, unless amendment as a matter of right is permitted based upon the circumstances, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15(a), a court should ordinarily grant leave to amend absent undue delay, bad faith, dilatory tactics, undue prejudice in being served with the proposed pleading, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

"[W]hile a delay in making a motion to amend the pleadings must be weighed as a factor in deciding whether or not to grant the motion, the delay by itself will not be reason to deny the motion." *Phaneuf v. Tenneco, Inc.*, 938 F. Supp. 112, 115 (N.D.N.Y. 1996) (citation omitted). Where undue delay has been established, a court must also assess whether the moving party has shown good cause for the delay, as well as any undue prejudice resulting from the delay. *See id.* Ordinarily, the longer the period of unexplained delay, the less showing of prejudice will be

required in order to support denial of the motion to amend. *See id.* (quotation omitted).

In the present case, Plaintiff made his present motion for leave to amend during the early stages of the proceedings and, therefore, no pretrial discovery has yet occurred. Thus, Defendant Goord cannot show that he would suffer undue prejudice if the Court were to grant Plaintiff's request.

Defendant Goord argues, however, that Plaintiff's complaint greatly expands the breadth of his claims to encompass additional incidents, some of which occurred at prison facilities other than Franklin and involved additional DOCS employees at those other facilities. The Court agrees that the addition of these claims would expand the scope of this action beyond the matters which Plaintiff alleges occurred at Franklin. Accordingly, the Court denies Plaintiff's motion for leave to amend to the extent that he seeks to add allegations concerning incidents that occurred at DOCS facilities other than Franklin and against DOCS employees at those facilities. *See Gayle v. Lucas*, No. 97 Civ. 0883, 1998 WL 148416, *5-*6 (S.D.N.Y. Mar. 30, 1998).[1]

Plaintiff also moves to amend his amended complaint to identify the Doe Defendants by name and to attempt to state claims against Defendant Goord for failing to act on information that unconstitutional events were occurring at Franklin, that is, allegations that might arguably establish Defendant Goord's personal involvement in these alleged violations. These proposed amendments are directly related to the claims that Plaintiff set forth in his amended complaint and, as stated earlier, the addition of these claims would not unduly prejudice Defendant Goord.

---

[1] The Court notes that Plaintiff has three years from the date that these additional incidents occurred to commence an action; thus, it does not appear that he is barred at this time from instituting a separate action regarding these proposed additional claims and DOCS employees. *See Eng v. Coughlin,* 684 F. Supp. 56, 67 (S.D.N.Y. 1988) (citations omitted).

Accordingly, the Court grants Plaintiff's motion for leave to amend to the extent that he seeks to identify the unnamed Defendants and to clarify his claims against Defendant Goord.

**B.     Defendant Goord's Rule 12(b)(6) motion**

When reviewing motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted). "The court may not dismiss a complaint unless 'it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitled him to relief.'" *Id.* (quoting *Hoover v. Ronwin,* 466 U.S. 558, 587, 104 S. Ct. 1989, 2005, 80 L. Ed. 2d 590 (1984) (Stevens, J. dissenting)).

When determining whether a complaint states a cause of action, a court should afford great liberality to *pro se* litigants. *See Davis v. Goord,* 320 F.3d 346, 350 (2d Cir. 2003) (quotation omitted). In fact, a court should not dismiss a *pro se* plaintiff's claim "without granting leave to amend at least once" if there is "any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 704-05 (2d Cir. 1991) (citations omitted).

In his motion, Defendant Goord argues that Plaintiff's amended complaint is devoid of any allegations of his involvement in, or awareness of, the alleged constitutional violations. Indeed, Magistrate Judge Peebles found that, even when liberally construing Plaintiff's complaint, there were no allegations establishing Defendant Goord's involvement in the complained of incidents. Plaintiff now objects to Magistrate Judge Peebles' determination.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Moffitt v. Town of Brookfield,* 950 F.2d 880, 886 (2d Cir. 1991) (quotation and other citation omitted). Moreover, it is well-established that personal liability under § 1983 cannot be imposed upon a supervisor based on a theory of respondeat superior. *See Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). Thus, to impose liability on a supervisory official, a plaintiff must show that the official was personally involved in the complained of incidents either through (1) direct participation, (2) failure to remedy a wrong after learning of it, (3) creation or continued allowance of a policy or practice of unconstitutional activities, (4) gross negligence in managing subordinates who caused the unlawful even, or (5) failure to act on information indicating that unconstitutional acts were occurring. *See Moffitt,* 950 F.3d at 886 (quotation omitted); *see also Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir. 2003) (quotation and other citation omitted). Accordingly, when an inmate does no more than allege that a high level supervisor is liable because he is in charge, dismissal is proper. *See Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir. 1987) (quotation omitted).

In his Report and Recommendation, Magistrate Judge Peebles stated that Plaintiff failed to allege any facts in his amended complaint that connected Defendant Goord to his alleged injuries. However, as Magistrate Judge Peebles additionally noted, Plaintiff stated in his Affirmation in Opposition to Defendants' Dismissal Motion that Defendant Goord "knew in advance that the beating was going to happen to plaintiff[.]" *See* Affirmation of Michael Myers in Opposition to Defendants' Motion to Dismiss, dated Aug. 31, 2004, at ¶ 2. Plaintiff further asserted that he contacted Defendant Goord and informed him that COs had previously warned him that he was going to be beaten. *See id.* at ¶ 3. Moreover, in his objections to Magistrate

Judge Peebles' Report and Recommendation, Plaintiff asserted that he informed Defendant Goord, through the proper appeal process, that Officer McCarthy and Sergeant Wilson had retaliated against him and that an unknown employee and Sergeant beat him down upon his arrival at the SHU. *See* Dkt. No. 48 at 3. In essence, Plaintiff argued that Defendant Goord failed to act on information that unconstitutional events were occurring or would be occurring.

If a claim contained in a proposed amended complaint is "legally insufficient on its face," then permitting amendment would be an act of futility which should not be sanctioned. *E.g.*, *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996) (citation omitted); *In re Boesky Sec. Litig.*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995). On the other hand, "[i]f the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny" leave to amend. *Saxholm*, 938 F. Supp. at 124 (citations omitted). Plaintiff's additional allegations, if true, could provide a basis for liability against Defendant Goord. Although Plaintiff failed to plead any of these allegations in his amended complaint, the Court, as discussed above, has given Plaintiff leave to amend his amended complaint to the extent that he seeks to add these allegations to those he previously asserted against Defendant Goord.

Accordingly, because these proposed amendments are not facially insufficient, the Court denies Defendant Goord's Rule 12(b)(6) motion and grants Plaintiff leave to amend his amended complaint to include those allegations he asserts in his Affirmation in Opposition to Defendant Goord's Motion to Dismiss and his Objections to Magistrate Judge Peebles' Report and Recommendation. Additionally, the Court will afford Defendant Goord the opportunity to refile his motion to dismiss pursuant to Rule 12(b)(6) after he has received and has had a chance to

review Plaintiff's second amended complaint.

## IV.  CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' February 14, 2005 Report and Recommendation is **ADOPTED IN PART AND REJECTED IN PART**; and the Court further

**ORDERS** that Plaintiff's motion for leave to amend, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is **DENIED**, to the extent that he seeks to add allegations regarding incidents that occurred at DOCS facilities other than Franklin and additional DOCS employees at those facilities; and the Court further

**ORDERS** that Plaintiff's motion for leave to amend, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is **GRANTED**, to the extent that he seeks to identify the Doe Defendants by name, to clarify his claims against Defendant Goord, and to include those allegations against Defendant Goord that he asserts in his Affirmation in Opposition to Defendant Goord's Motion to Dismiss and in his Objections to Magistrate Judge Peebles' Report and Recommendation; and the Court further

**ORDERS** that Defendant Goord's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss him from the action is **DENIED WITHOUT PREJUDICE;** and the Court further

**ORDERS** that Defendant Goord may refile his motion to dismiss, pursuant to Rule 12(b)(6), after he has received and has had an opportunity to review Plaintiff's second amended complaint.

**IT IS SO ORDERED.**

Dated: April 29, 2005
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Chief United States District Court Judge