UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL MYERS,

                              Plaintiff,              9:04-CV-270
                                                             (FJS/DEP)

    v.

JANE DOE, Corrections Officer at Franklin Correctional
Facility; JANE DOE, Correctional Sergeant at Franklin
Correctional Facility; and GLENN S. GOORD, Commissioner,
Department of Correctional Services,

                              Defendants.

---

**APPEARANCES**                                                 **OF COUNSEL**

**MICHAEL MYERS**
96-B-2292
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                      **JEFFREY P. MANS, AAG**
**STATE ATTORNEY GENERAL**
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Michael Myers commenced this action on March 12, 2004. *See* Dkt. No. 1. By Order dated April 7, 2004, this Court directed Plaintiff to file an amended complaint because he had failed to sign his original complaint and because he had failed to identify any Defendant by

name. *See* Dkt. No. 6. In compliance with that Order, Plaintiff submitted an amended complaint on April 16, 2004. *See* Dkt. No. 7. In that amended complaint, Plaintiff alleged wrongdoing against the Commissioner of the Department of Corrections ("DOCS") and two Jane Doe Defendants arising from an incident that occurred at Franklin Correctional Facility ("Franklin"). *See id.* By Order dated June 14, 2004, the Court approved Plaintiff's amended complaint for filing and directed the Clerk of the Court to substitute Commissioner Goord as a named Defendant. *See* Dkt. No. 9.

On August 26, 2004, Defendant Goord moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief could be granted. *See* Dkt. No. 21. On October 29, 2004, Plaintiff moved for leave to amend his amended complaint to add additional allegations of abuse and to identify the individuals whom he had previously sued as Jane Doe Defendants. *See* Dkt. No. 33.

By Order dated April 29, 2005, this Court granted in part and denied in part Plaintiff's motion to amend. *See* Dkt. No. 52. Specifically, the Court granted Plaintiff leave to amend his amended complaint

> to the extent that he seeks to identify the Doe Defendants by name, to clarify his claims against Defendant Goord, and to include those allegations against Defendant Goord that he asserts in his Affirmation in Opposition to Defendant Goord's Motion to Dismiss and in his Objections to Magistrate Judge Peebles' Report and Recommendation.

*See* Dkt. No. 52 at 10.

The Court denied Plaintiff's motion to amend, however, "to the extent that he seeks to add allegations regarding incidents that occurred at DOCS facilities other than Franklin and

additional DOCS employees at those facilities." *See id.* In that same Order, the Court also denied Defendant Goord's motion to dismiss without prejudice and with leave to refile upon his receipt and review of Plaintiff's second amended complaint. *See id.* By Order filed on May 18, 2005, the Court instructed Plaintiff that, in order for the approved amendments to become operative, he must submit to the Court and serve upon Defendant Goord a second amended complaint within thirty (30) days of the date of the filing of that Order. *See* Dkt. No. 53.

Currently before the Court are Plaintiff's motions (1) to amend, (2) for injunctive relief, (3) for appointment of a mediator, and (4) to enforce discovery. *See* Dkt. Nos. 56-57, 60, 63. Defendant Goord filed papers in opposition to the last three of these motions. *See* Dkt. Nos. 59, 62, 64.

## II. DISCUSSION

**A.     Plaintiff's motion to amend his amended complaint**

In its May 18, 2005 Order, the Court instructed Plaintiff to submit a proposed second amended complaint for the Court's review. In his proposed second amended complaint, Plaintiff was to substitute named Defendants for the Jane Doe Defendants and to include additional allegations against Defendant Goord. *See* Dkt. No. 53. Rather than submitting a proposed second amended complaint in compliance with the May 18, 2005 Order, Plaintiff submitted a motion to amend his amended complaint. It appears that Plaintiff submitted his proposed second amended complaint in the form of a motion because he was seeking to add three additional Defendants whom the Court had not previously considered. Thus, the Court will review Plaintiff's motion to amend.

In his proposed second amended complaint, Plaintiff seeks to substitute Defendants "Officer McCarther" and "Sergeant M. Wilson" in place of the two previously unidentified "Jane Doe" Defendants and to include additional allegations against Defendant Goord. He also seeks to name three additional Defendants – Lt. Travers, G. Castine, and A. Secore – all of whom were employees at Franklin and to assert allegations of wrongdoing against them, claiming that, among other things, they harassed and physically assaulted him, denied him medical care in deliberate indifference to his serious medical needs, issued false misbehavior reports against him, and destroyed his property. *See, generally,* Dkt. No. 56, Proposed Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure generally governs a motion to amend a complaint. *See Chowdhury v. Haveli Restaurant, Inc.*, No. 04 Civ. 8627, 2005 WL 1037416, *1 (S.D.N.Y. May 3, 2005). However, "'[w]here the proposed amendment seeks to add new defendants, . . ., Rule 21 governs.'" *Id.* (quoting *Randolph-Rand Corp. of New York v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *2 (S.D.N.Y. Oct. 21, 2001)). Rule 21 provides, in pertinent part, that "a party may be added to an action 'at any stage of the action and on such terms as are just.'" *Id.* (quotation omitted). Finally, "[i]n deciding whether a party may be added under this rule, a court is guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Id.* (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 527-28 (S.D.N.Y. 1980)) (other citation omitted).[1]

Based upon its review of the entire file and because the proposed amended pleading, in which Plaintiff seeks to add as Defendants only individuals who were employed at Franklin, is

---

[1] Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend 'shall be freely given when justice so requires.'" *Chowdhury*, 2005 WL 1037416, at *2 (quoting Fed. R. Civ. P. 15(a)) (other citation omitted).

not inconsistent with the Court's April 29, 2005 Order, the Court hereby **grants** Plaintiff's motion to amend his amended complaint.

### B.   Plaintiff's motion for injunctive relief

Plaintiff asks the Court to restrain Defendants "from destroying [his] personal property, searching [his] cell for no security reasons, reading [his] legal papers, [not giving him] packages he is entitled to per directive 4911, [and] writing false charges against [him]." *See* Dkt. No. 57 at 1.

Defendant Goord opposes this motion because (1) the allegations included in the motion are not related to the allegations in Plaintiff's underlying action, (2) Plaintiff's conclusory allegations "are devoid of facts supporting any of his claims against the named defendants," and (3) Plaintiff has not demonstrated irreparable injury or a likelihood of success on the merits. *See* Dkt. No. 59, Affirmation at 1-2.

It is well-settled in this Circuit that to be granted injunctive relief a movant "must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (citation omitted); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994).

Moreover, as a preliminary matter, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief where the allegations in the

application were unrelated to the claims asserted in the complaint and, thus the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

In his second amended complaint, Plaintiff alleges that, while he was incarcerated at Franklin, (1) he was harassed and physically assaulted in part in retaliation for having previously lodged complaints against Franklin staff; (2) he was improperly disciplined and placed in the special housing unit at Franklin; and (3) a Franklin employee either destroyed or took away from him certain of his property when he was transferred from Franklin. *See* Dkt. No. 56, Proposed Second Amended Complaint. Plaintiff is now incarcerated at Wende Correctional Facility and claims that he is being subjected to frequent, unnecessary cell searches and that his property is being destroyed. Clearly, the allegations that form the basis for Plaintiff's current motion, which arise from events that occurred **at Wende**, do not relate to the allegations contained in the underlying second amended complaint, all of which arise from events that occurred at **Franklin**.

In sum, because the allegations that Plaintiff asserts in support of his motion for injunctive relief are unrelated to the allegations contained in his second amended complaint, he has failed to establish either a likelihood of success on the merits of **his underlying claims** or sufficiently serious questions going to the merits of those claims and a balance of hardships tipping decidedly in his favor. *See Allen*, 1998 WL 214418, at *4. Accordingly, the Court **denies** Plaintiff's motion for injunctive relief.

**C.      Plaintiff's motion for the appointment of a mediator**

Plaintiff asks the Court to appoint a "mediator to help [Plaintiff] with discovery demands." *See* Dkt. No. 60, Notice of Motion, at 1.  Plaintiff alleges that he is "mildly retarded" and hearing impaired and, thus, needs assistance with conducting discovery.  *Id.*, Memorandum of Law, at 2-3.  Plaintiff claims that he "is not getting a fare [sic] access to the Courts when defendants is [sic] not providing documents when they are aware that plaintiff is mildly retarded and they are using that to hide documents that can prove this action to the Court of Law." *See id.* at 2.

Defendant Goord opposes this motion, arguing that Plaintiff "has demonstrated an ability to variously petition the court and obtain relief from the Court, including issues he has raised with respect to his discovery demands in this action." *See* Dkt. No. 62, Affirmation of Jeffrey P. Mans, dated August 19, 2005, at ¶ 3.  Moreover, Defendant Goord asserts that "as the record demonstrates, plaintiff has been provided with significant discovery materials in this action (*see* Docket No. 29, 35, and 55), and pursuant to the Court's discovery order dated June 29, 2005 (Docket No. 55), is being provided with additional discovery materials (*see* Exhibit A)." *See id.* at ¶ 4.

The Court has reviewed the entire file and finds that, to date, Plaintiff has ably handled his action on his own.  In addition to the present motion, Plaintiff has filed a complaint, several amended complaints, multiple motions for injunctive relief, a motion to compel discovery, a motion for appointment of counsel, and a motion to enforce discovery.  Moreover, Plaintiff has been successful in obtaining the relief sought in many of these motions.  Plaintiff also successfully opposed Defendant Goord's motion to dismiss this action.  Accordingly, the Court

**denies** Plaintiff's motion for the appointment of a mediator to assist him with discovery.

**D.     Plaintiff's motion to enforce discovery**

By Order filed June 29, 2005, Magistrate Judge Peebles directed Defendant, among other things, to provide to Plaintiff, for his inspection and review, a copy of the tape recording made of Plaintiff's October 3, 2003 hearing.[2] *See* Dkt. No. 55 at 14-15. Plaintiff complains that, although he was provided with a copy of hearing tape number 05-350 for his inspection and review, he did not have ample time to review the tape or to make a copy of it. *See* Dkt. No. 63, Memorandum of Law, at 2-3. Specifically, Plaintiff claims that his corrections counselor received the discovery materials, including the tape, and allowed Plaintiff a period of two hours to review the materials before taking them back from Plaintiff. *See id.*, Memorandum of Law, at 2. Moreover, Plaintiff alleges that, when his corrections counselor took the tape away from him, his counselor told him to contact Wanda Stachowski, the Inmate Records Coordinator at Wende Correctional Facility, if Plaintiff wished to order a copy of the tape. *See id.* However, when Plaintiff contacted Ms. Stachowski, she told him that he would have to contact Clinton Correctional Facility to obtain a copy of the tape. *See id.* Plaintiff would like the hearing tape returned to Wende so that he can make a copy of it at his own expense. Finally, Plaintiff seeks attorney's fees against Defendant Goord's counsel for failing to cooperate with discovery. *See id.* at 3.

Defendant Goord opposes this motion. He contends that he fully complied with the Court's discovery order by providing the tape to Plaintiff for his inspection. Defendant Goord

---

[2] Both Defendant Goord and Plaintiff refer to this tape as hearing tape number 05-350. *See* Dkt. No. 63 at 1; *see also* Dkt. No. 64 at 1. Accordingly, the Court will refer to the tape in the same manner.

-8-

also contends that, although Ms. Stachowski advised Plaintiff that he could obtain a copy of the tape by contacting Clinton Correctional Facility, he apparently made no attempt to do so.[3] Further, Plaintiff made no attempt, prior to filing this motion, to make any good faith effort to resolve this problem with Defendant's counsel. *See* Dkt. No. 64 at 2.

Attorney's fees are clearly unwarranted in this situation. In the first instance, Plaintiff is proceeding *pro se* and is not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting that a *pro se* litigant is not entitled to attorney's fees); *see also Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694-95 (2d Cir. 1998) (same); *Lazano v. Peace*, No. CV 05-0174, 2005 WL 1629644, *3 (E.D.N.Y. July 11, 2005) (same). Alternatively, even if the Court construes Plaintiff's motion as a request for sanctions for failure to comply with the prior discovery Order, this motion fails because Defendant did, in fact, comply with that Order by providing a copy of hearing tape number 05-350 to Plaintiff for his review and inspection. Therefore, the Court **denies** Plaintiff's motion for attorney's fees and/or sanctions.

Nonetheless, Plaintiff has been unable, for whatever reason, to obtain a copy of the hearing tape for his use. Although it appears that this is **not** the fault of Defendant Goord, to facilitate discovery, the Court instructs Defendant Goord's counsel to provide Plaintiff with information regarding the cost of making a copy of the tape and the name and address of the party to whom Plaintiff should address his request for a copy of the tape **within thirty (30) days** of the filing date of this Order. Plaintiff shall then forward the appropriate payment, in advance, as Defendant's counsel directs him. Upon receipt of payment, Defendant's counsel shall arrange

---

[3] Defendant Goord indicates that the tape is stored at Clinton Correctional Facility because that is where the hearing in question was held. *See* Dkt. No. 64 at 2.

to have a copy of the tape forwarded to Plaintiff at his current facility.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to amend his amended complaint is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall file the proposed second amended complaint together with the motion to amend that Plaintiff submitted as the second amended complaint herein. The newly filed second amended complaint shall supersede and replace *in toto* the first amended complaint filed herein; and the Court further

**ORDERS** that, upon the filing the second amended complaint, the Clerk of the Court shall substitute "Officer McCarther, Correction Officer at Franklin Correctional Facility" and "Sergeant M. Wilson, Correction Officer at Franklin Correctional Facility" in place of the two previously unidentified "Jane Doe" Defendants and add "Lt. Travers, Correction Officer at Franklin Correctional Facility," "G. Castine, Correction Officer at Franklin Correctional Facility," and "A. Secore, Correction Officer at Franklin Correctional Facility" as Defendants to this action; and the Court further

**ORDERS** that Plaintiff serve a copy of the second amended complaint on opposing counsel **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that Plaintiff provide the Court with sufficient copies of his second amended complaint and completed USM-285 forms for service on the five newly identified Defendants; and the Court further

**ORDERS** that, upon the filing of the second amended complaint, the Clerk of the Court shall issue amended summonses naming the newly identified Defendants herein and forward them, along with copies of the second amended complaint, to the United States Marshal for service upon the five newly identified Defendants; and the Court further

**ORDERS** that Defendants or their counsel shall file a formal response to Plaintiff's second amended complaint as provided for in Rule 12 of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Plaintiff's motion for injunctive relief is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for the appointment of a mediator is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to enforce discovery is **GRANTED** to the limited extent set forth above and is **DENIED** in all other respects; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: January 10, 2006
         Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge