IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL MYERS,

                              Plaintiff,

                                             Civil Action No.
                                             9:04-CV-0270 (FJS/DEP)

      v.

JANE DOE, *et al.*,

                              Defendants.

---

APPEARANCES:                                 OF COUNSEL:

FOR PLAINTIFF:

MICHAEL MYERS, *pro se*

FOR DEFENDANTS:

HON. ELIOT SPITZER                        JEFFREY P. MANS, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
Department of Law
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Michael Myers, a disabled New York State prison inmate

who is proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action against Glenn Goord, Commissioner of the New York State Department of Correctional Services ("DOCS"), and various DOCS employees whose names are unknown to Myers, pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. Despite bringing suit and litigating this action up until the present in this district, plaintiff now requests that it be transferred to the Western District of New York, based principally upon the unavailability of any correctional facility within the Northern District of New York with adequate capabilities to accommodate his disability – a circumstance which, he argues, would greatly disadvantage him were his case to be tried here. Having reviewed plaintiff's motion, which is unopposed, I find that the interests of justice favor such a transfer.

I.   BACKGROUND

Plaintiff commenced this action on March 12, 2004, and has since significantly amended and supplemented his claims, most recently by way of a second amended complaint which was filed on January 10, 2006. Dkt. Nos. 1, 7, 67. In his complaint, as amended, plaintiff seeks relief for a variety of constitutional deprivations experienced by him while confined

at various prison facilities operated by the DOCS, including the Clinton Correctional Facility and the Franklin Correctional Facility, both of which are located within the Northern District of New York; the Woodbourne Correctional Facility and the Sullivan Correctional Facility, both of which are within the Southern District of New York; and, most recently, the Wende Correctional Facility, located within the Western District of New York, where he is currently being held.  In his complaint plaintiff claims, *inter alia*, that 1) he was harassed and threatened by a female corrections officer at Franklin, in part in retaliation for having previously lodged complaints regarding her conduct; 2) he was impermissibly disciplined and placed in confinement within a special housing unit ("SHU") at that facility; 3) certain of his property was either destroyed or taken from him without being returned, apparently during the course of an inter-prison transfer effectuated to provide Myers with mental health treatment; and 4) in his current facility he has been subjected to frequent, unnecessary cell searches and further destruction of his property.  *See generally* Second Amended Complaint (Dkt. No. 67).

On July 31, 2006, following a considerable amount of litigation activity in this district, including a decision granting plaintiff leave to amend

his complaint and denying, without prejudice, a motion by defendant Goord to discuss plaintiff's claims against him, Dkt Nos. 47, 52; the denial of plaintiff's request for preliminary injunctive relief, Dkt. No. 66; joinder of issue, Dkt. No. 72; and the issuance of a pretrial scheduling order governing the progression of the case, Dkt. No. 73, plaintiff moved on July 31, 2006 for a transfer of the case to the Western District of New York. Dkt. No. 75. Despite a text notice from the court advising defendants that any opposition to the motion should be received on or before August 18, 2006, *see* Dkt. Entry dated 7/31/06, defendants have not resisted plaintiff's efforts to effect a transfer of the case.[1]

II.   DISCUSSION

    A.   Significance of Defendants' Failure to Oppose Plaintiff's Motion

The first issue to be addressed is the legal significance of

---

[1] This court's rules, with which the defendants did not comply, provide that

> [a]ny party who does not intend to oppose a motion . . . shall promptly notify the Court and the other parties of such intention. Notice should be provided at the earliest practicable date, but in any event no less than **FOURTEEN CALENDAR DAYS** prior to the scheduled return date of the motion, unless for good cause shown. **Failure to comply with this Rule may result in the Court imposing sanctions.**

N.D.N.Y.L.R. 7.1(b)(3).

defendants' failure to oppose plaintiff's venue transfer motion, and specifically whether that failure automatically entitles the plaintiff to the relief now sought.

The failure of a party to oppose a motion properly filed in this court is governed by local rule which provides, in pertinent part, that

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R.7.1(b)(3). As can be seen from the face of that rule, while defendants' silence in this instance may properly be regarded as a sign of their consent to the relief sought, before granting plaintiff's motion the court must nonetheless determine whether it is facially meritorious. *See Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 231-32 (N.D.N.Y. 2000) (Scullin, C.J.); *Leach v. Dufrain*, 103 F. Supp.2d 542, 545-46 (N.D.N.Y. 2000) (Kahn, J.).

    B.    <u>Venue Transfer</u>[2]

---

[2] While as a magistrate judge I lack the authority, absent agreement of the parties, to order dismissal of an action, a venue transfer is regarded as a non-dispositive matter which falls within the scope of the my non-consensual jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See White Mop Wringer Co. of Canada Ltd. v. BT*

Plaintiff's motion does not specifically state under what authority it is made. The court presumes, however, that it is brought under a provision which allows that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Motions for transfer under section 1404(a) are addressed to the discretion of the court, and are informed by overarching notions of convenience and fairness. *Linzer v. EMI Blackwood Music, Inc.*, 904 F.Supp. 207, 216 (S.D.N.Y. 1995) (citations omitted). The burden of demonstrating the desirability of a requested transfer lies with the moving party.[3]

---

*Capital Partners, Inc.*, No. 95-CV-565, 1997 WL 222380, at *1 (N.D.N.Y. Apr. 29, 1997) (Pooler, J.); *Pemrick v. Stracher*, No. 90-CV-849, 1992 WL 697636, at *1 (N.D.N.Y. Mar. 27, 1992) (McAvoy, C.J.); *see also Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc.*, No. CV 99-2491, 2000 WL 33155640 (E.D.N.Y. Sept. 15, 2000) (decision of magistrate judge ordering a venue transfer under section 1404(a)); *Tenen v. Winter*, 15 F. Supp.2d 270 (W.D.N.Y. 1998) (decision by district judge affirming the order of a magistrate judge denying a motion for a change of venue).

[3]   It is ordinarily a defendant who seeks to avoid a plaintiff's chosen forum and thus moves for a venue transfer under 28 U.S.C. § 1404. In such a case a court will not ordinarily disturb a plaintiff's choice of forum unless the defendants make a "clear and convincing" showing that the balance of convenience weighs strongly in favor of defendants' choice of venue. *Linzer*, 904 F.Supp. at 216-17 (citations omitted); *see also Excelsior College v. Frye*, 306 F. Supp.2d 226, 231 (N.D.N.Y. 2004) (Hurd, J.). Although an important factor, however, it should be noted that plaintiff's choice of forum is far less outcome determinative in the analysis under section 1404(a) than it was under the common law doctrine of *forum non conveniens*. *See Meteoro Amusement Corp. v. Six Flags*, 267 F.Supp.2d 263, 279 (N.D.N.Y. 2003) (McCurn, J.)

6

As the rule itself implies, in order to transfer a case under section 1404(a) the court must first make a finding that the proposed transferee district has the ability to exercise personal jurisdiction over the defendants, and additionally that venue is appropriate in that forum. *Oriska Ins. Co. v. Brown & Brown of Texas, Inc.*, No. 02-CV-578, 2005 WL 894912, at *4 (N.D.N.Y. Apr. 8, 2005) (Hurd, J.) (citations omitted); *Viacom Int.'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991) (citations omitted). Since under the applicable federal and state rules the defendants named by the plaintiff are equally amenable to suit in any district within New York, and it appears that venue in the Western District of New York would be appropriate under 28 U.S.C. § 1391(b)(1), (2) and (3), this initial threshold requirement appears to have been met.

The factors generally identified by the courts as relevant when addressing a section 1404(a) transfer motion include 1) the place where the operative facts occurred; 2) convenience of the parties; 3) convenience of witnesses; 4) the relative ease of access to sources of proof; 5) the availability of process to compel attendance of unwilling

---

(citing, *inter alia*, *Pelligrino v. Stratton Corp.*, 679 F. Supp. 1164, 1167 (N.D.N.Y. 1988)).

witnesses; 6) plaintiff's choice of forum; 7) the forum's familiarity with the governing law; and 8) trial efficiency and the interests of justice.[4]  *Viacom*, 774 F.Supp.at 867-68 (citations omitted); *see Excelsior College*, 306 F. Supp.2d at 231.  The core determination to be made under section 1404(a) involves identifying the center of gravity of the litigation; a key component of that inquiry is focused upon the convenience of witnesses. *Viacom*, 774 F.Supp. at 868 (citations omitted).  Courts routinely transfer cases when the principal events occurred, and accordingly the key witnesses are located, in another district.  *Id.* (citing *Computer Horizons Corp. v. Knauer*, 483 F.Supp. 1272 (S.D.N.Y.1980)).  Where the operative facts of the case have little connection with the district where the suit is pending, the importance of the plaintiff's forum choice as a factor is considerably lessened.  *Id.*

One question to be addressed is whether, having brought suit in this district, the plaintiff may now alter his choice of forum and seek transfer to another court.  The fact that the action was initiated in this district does not necessarily preclude that step, particularly since there has been a change

---

[4]  Some cases also cite the relative means of the parties as an additional consideration.  *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F.Supp.2d 222, 239-40 (D. Conn. 2001).

of circumstances making the proposed transferee district also appropriate as a forum, a situation which did not obtain at the times of commencement. *See Yoonessi v. New York State Bd. for Professional Medical Conduct*, No. 03-CV-8715, 2005 WL 645223, at *7 (W.D.N.Y. Mar. 21, 2005). In this instance plaintiff's transfer into Wende, a facility within the Western District of New York, where at least some of the operative events took place, occurred after commencement of this action, thereby providing justification for a change.[5]

The primary factor cited by the plaintiff in support of his motion is the assertion that there is no DOCS facility within the Northern District of New York capable of accommodating his disabilities, which apparently include both mental and hearing impairments. Plaintiff asserts that the DOCS is duty bound to accommodate his disabilities, and thus may not lawfully transfer him to a facility within the Northern District of New York lacking in those necessary accommodations for purposes of attending a trial on his claims. Plaintiff argues that if his request for a change of venue is denied his disabilities will adversely affect his ability to pursue this action and in

---

[5] It appears that plaintiff's transfer into Wende was based upon the availability there of a program to address his mental limitations. Second Amended Complaint (Dkt. No. 67) ¶ 75. At Wende plaintiff is also able to utilize a special telephone device to compensate for a severe hearing impairment. *Id.* ¶ 86.

such a case the court "might as well dismiss this action[.]"  Plaintiff's Memorandum (Dkt. No. 75) ¶ 14.  This assertion, particularly in the face of the lack of any opposition to the motion, satisfies the court that a transfer of the case to the Western District of New York, where the facility in which plaintiff is currently incarcerated is located, would best serve the interests of justice.

III.    SUMMARY AND ORDER

While the plaintiff commenced this action in the Northern District of New York, complaining of series of events transpiring in correctional facilities located within this district, claims arising from subsequent occurrences at other facilities outside of the Northern District of New York have been added to plaintiff's complaint, making the Western and Southern Districts of New York appropriate as alternate venues in the action.  Since plaintiff has sought a transfer of the case to the Western District of New York, which is an appropriate forum, and has demonstrated to the court's satisfaction that the interests of justice favor such a transfer, and particularly in light of the lack of any opposition on the part of any defendants to the motion, it is hereby

ORDERED as follows:

1) Plaintiff's motion for an order transferring this case to the Western District of New York, pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 75) is GRANTED.

2) Following the expiration of ten (10) days within the date of this decision and order, as required by Northern District of New York Local Rule 83.6, the clerk of this court is hereby directed to transfer certified copies of this opinion and of the docket entries of this case, in conjunction with the original file in this matter, to the Western District of New York.

3) The clerk is directed to forward copies of this order to the plaintiff, by regular mail, and to defendants' counsel electronically.

Dated: November 22, 2006
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\civil rights\venue\myersreprec.wpd